UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| **LINDA CLARK** | **CIVIL DOCKET NO. 6:23-cv-00625** |
| **VERSUS** | **JUDGE DAVID C. JOSEPH** |
| **PROGRESSIVE COUNTY MUTUAL INSURANCE COMPANY, ET AL** | **MAGISTRATE JUDGE DAVID J. AYO** |

### MEMORANDUM RULING

Before the Court is a MOTION FOR SUMMARY JUDGMENT (the "Motion") [Doc. 43] filed by Progressive County Mutual Insurance Company ("Progressive"). Progressive seeks dismissal of all claims against it on grounds that the commercial auto insurance policy issued by Progressive to defendant Kyan Trucking, LLC ("Kyan Trucking"), was cancelled prior to the automobile accident at issue. After careful consideration, and for the reasons set forth below, Progressive's Motion is GRANTED. Specifically, the Court finds that Kyan Trucking is not an insured under the Progressive insurance policy in connection with the subject accident, and that Progressive therefore has no duty to defend Kyan Trucking or defendant Yannier Casas Sosa.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

This lawsuit arises out of a motor vehicle collision that occurred on July 14, 2022, in which a truck driven by defendant Yannier Casas Sosa ("Sosa"), an alleged employee of defendant Kyan Trucking, struck Plaintiff Linda Clark's ("Plaintiff") vehicle in a parking lot, causing her injuries.[1]

---

[1] Specifically, Plaintiff alleges that Sosa was operating a truck pulling a utility trailer, when the trailer struck the Plaintiff's vehicle. [Doc. 1-4, ¶¶ 3-5].

Prior to the accident, on September 17, 2021, Kyan Trucking applied for an insurance policy with Progressive. [Doc. 43-2, p. 1, ¶ D(1); pp. 3-8]. In the Application for Insurance, Kyan Trucking listed its address as "716 S. Eagle St., Weimar, TX 78962" (the "Weimar address"). Thereafter, Progressive issued Texas commercial auto insurance policy number 04078762-0 (the "Policy") to Kyan Trucking with an effective date of September 22, 2021. [Doc. 43-2, pp. 31-98]. The Policy contained a Form MCS-90 – Endorsement for Motor Carrier Policies of Insurance for Public Liability under Sections 29 and 30 of the Motor Carrier Act of 1980 (the "MCS-90 Endorsement"),[2] [Doc. 43-2, ¶ D(2)], as well as a "Form F – Uniform Motor Carrier

---

[2] The MCS-90 endorsement makes an insurer liable to third parties for any liability resulting from the negligent use of any motor vehicle by the insured, even if the vehicle is not covered under the insurance policy. *Republic W. Ins. Co. v. Rockmore*, 2005 WL 57284, at *9 (N.D. Tex. Jan. 10, 2005), *citing T.H.E. Insurance Co. v. Larsen Intermodal Services, Inc.*, 242 F.3d 667, 672 (5th Cir. 2001). Some courts, including the Fifth Circuit, have described the obligation placed upon the insurer by the MCS-90 endorsement as one of suretyship. *T.H.E. Insurance*, 242 F.3d at 672, *quoting Canal Insurance Co. v. Carolina Casualty Insurance Co.*, 59 F.3d 281, 283 (1st Cir. 1995) ("[W]e consider the ICC endorsement to be, in effect, suretyship by the insurance carrier to protect the public – a safety net ... [I]t simply covers the public when other coverage is lacking."). Furthermore, the majority of federal courts have held that the MCS–90 does not affect the obligations between the insurer and its insured or between joint insurers. *See, e.g., Carolina Casualty. Ins. Co. v. Underwriters Ins. Co.*, 569 F.2d 304, 313 (5th Cir. 1978); *California Casualty Ins. Co. v. Ins. Co. of N. America*, 595 F.2d 128 (3rd Cir. 1999); *California Casualty Ins. Co. v. Transport Indem. Co.*, 533 F. Supp. 22 (D.S.C. 1981), aff'd 676 F.2d 690 (4th Cir. 1982); *Travelers Ins. Co. v. Transport Ins. Co.*, 787 F.2d 1133 (7th Cir. 1986); *Grinnell Mut. Reinsurance Co. v. Empire Fire & Marine Ins. Co.*, 722 F.2d 1400 (8th Cir. 1983); and *Harco National Ins. Co. v. Bobac Trucking, Inc.*, 1995 WL 482330,*5 (N.D. Cal. 1995), aff'd 107 F.3d 733 (9th Cir. 1997) ("[t]he endorsement is intended for the protection of the public only, and does not affect the obligations between the insurer and the insured or between joint insurers").

Here, Progressive does not seek summary judgment on the issue of whether the MCS-90 Endorsement attached to the Policy was in effect on the date of the accident or applicable to the claims at issue. Nor does Kyan Trucking or the Plaintiff argue or provide evidence that the MCS-90 Endorsement was operative at the time of the subject accident or triggered by the facts alleged. Accordingly, the existence of the MCS-90 Endorsement does not preclude summary judgment on Progressive's Motion.

Bodily Injury and Property Damage Liability Insurance Endorsement" (the "Form F Endorsement").[3]  [Doc. 43-2, pp. 17-30].  The Form F Endorsement provides:

### FORM F

### UNIFORM MOTOR CARRIER BODILY INJURY AND PROPERTY DAMAGE LIABILITY INSURANCE ENDORSEMENT

It is agreed that:

1. The certification of the policy, as proof of financial responsibility under the provisions of any State motor carrier law or regulations promulgated by any State Commission having jurisdiction with respect thereto, amends the policy to provide insurance for automobile bodily injury and property damage liability in accordance with the provisions of such law or regulations to the extent of the coverage and limits of liability required thereby; provided only that the insured agrees to reimburse the company for any payment made by the company which it would not have been obligated to make under the terms of this policy except by reason of the obligation assumed in making such certification.

2. The Uniform Motor Carrier Bodily Injury and Property Damage Liability Certificate of Insurance has been filed with the State Commissions indicated below.

3. This endorsement may not be cancelled without cancellation of the policy to which is it attached.  Such cancellation may be effected by the company or the insured giving thirty (30) days notice in writing to the State Commission with which such certificate has been filed, such thirty (30) days notice to commence to run from the date the notice is actually received in the office of such Commission.

Attached to and forming part of policy No. CA 04078762-0 issued by Progressive County Mutual Ins Co, herein called Company, of PO BOX 94739, CLEVELAND, OH 44101 to KYAN TRUCKING LLC of 18190 HOLLY FOREST DR, KATY, TX 77084-0000.

[Doc. 43-2, p. 18].

---

[3]  A "Form F" Endorsement is the counterpart under Texas state law to the MCS–90 Endorsement.  *T.H.E. Ins. Co. v. Larsen Intermodal Servs., Inc.*, 242 F.3d 667, 671 n.1 (5th Cir. 2001).

The Policy also contains the following cancellation provision:

**CANCELLATION AND NONRENEWAL ENDORSEMENT**

…

**CANCELLATION**

You may cancel this policy by calling or writing us, and stating the future date that you wish the cancellation to be effective.

We may cancel this policy by mailing a notice of cancellation to the first named insured shown on the declarations page at the last known address appearing in our records. Notice of cancellation, with the reasons for cancellation, will be mailed at least 10 days before the effective date of cancellation.

…

With respect to cancellation, this policy is neither severable nor divisible. Any cancellation will be effective for all coverage for all persons and all autos.

If this policy is canceled, coverage will not be provided as of the effective date and time shown in the notice of cancellation.

[Docs. 43-2, pp. 82-83].

On November 8, 2021, Progressive issued a new Policy Declarations page, effective November 7, 2021, which includes the following changes to the Policy: (i) auto coverage schedule; (ii) driver information; (iii) radius of operation for an auto; and, importantly, (iv) Kyan Trucking's mailing address. [Doc. 46-1, p. 12]. The new mailing address for Kyan Trucking is listed as "18190 Holly Forest Dr., Katy, TX 77084-0000" (the "Holly Forest Drive address").

On June 9, 2022, Progressive mailed a Notice of Cancellation of the Policy to Kyan Trucking at the Holly Forest Drive address, with an effective date of

cancellation on July 13, 2022 (the day before the subject accident) at 12:01 a.m. [Doc. 43-2, p. 99]. The reason for the cancellation was "nonpayment of premium." The subject motor vehicle accident occurred on July 14, 2022. On March 8, 2023, Plaintiff filed suit against Progressive, Mr. Sosa, Kyan Trucking, and State Farm Mutual Automobile Insurance Company ("State Farm")[4] in the 15th Judicial District Court for the Parish of Lafayette, Louisiana, alleging that the defendants are solidarily liable for the full amount of damages for her personal injuries. Progressive removed the matter to this Court on May 10, 2023. [Doc. 1].

On April 30, 2024, Progressive filed the instant Motion, arguing that it is entitled to summary dismissal of all claims against it on grounds the Policy issued by Progressive to Kyan Trucking was cancelled prior to the auto accident at issue and, therefore, Progressive has no duty to defend Kyan Trucking or defendant Yannier Casas Sosa, nor any obligation to pay for the Plaintiff's damages, except to the extent Plaintiff proves the MCS-90 Endorsement attached to the policy was in effect and triggered by the accident. Plaintiff opposed the Motion on May 17, 2024 [Doc. 45], and Progressive filed a Reply brief on May 22, 2024 [Doc. 46]. All issues having been fully briefed, the Motion is now ripe for review.

## LAW AND ANALYSIS

### I. Summary Judgment Standard

A court should grant a motion for summary judgment when the pleadings, including the opposing party's affidavits, "show that there is no dispute as to any

---

[4] Plaintiff alleges she had an uninsured motorist policy with State Farm.

material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56; *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). In applying this standard, the Court should construe "all facts and inferences in favor of the nonmoving party." *Deshotel v. Wal-Mart Louisiana, L.L.C.*, 850 F.3d 742, 745 (5th Cir. 2017); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("The evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor."). The party moving for summary judgment bears the burden of demonstrating that there is no genuine issue of material fact as to issues critical to trial that would result in the movant's entitlement to judgment in its favor, including identifying the relevant portions of pleadings and discovery. *Tubacex, Inc. v. M/V Risan*, 45 F.3d 951, 954 (5th Cir. 1995). If the movant fails to meet this burden, the court must deny the moving party's motion for summary judgment. *Id.*

If the movant satisfies its burden, however, the non-moving party must "designate specific facts showing that there is a genuine issue for trial." *Id.* (citing Celotex, 477 U.S. at 323). In evaluating motions for summary judgment, the court must view all facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). There is no genuine issue for trial – and a grant of summary judgment is warranted – when the record as a whole "could not lead a rational trier of fact to find for the non-moving party[.]" *Id.*

## II. Analysis

### A. Texas Law Governs

The parties do not dispute that Texas law applies to this insurance contract dispute.[5] Under Texas law, insurance policies are interpreted using the general principles of contract construction. *Terry Black's Barbecue, L.L.C. v. State Farm Auto. Mut. Ins. Co.*, 22 F.4th 450, 454 (5th Cir. 2022). Thus, when interpreting an insurance policy, courts must first look to the language in the policy, "because it is 'presume[d] parties intend what the words of their contract say.'" *Id.*, *quoting Gilbert Tex. Constr., L.P. v. Underwriters at Lloyd's London*, 327 S.W.3d 118, 126 (Tex. 2010). The court "must give 'effect to each word, clause, and sentence, and avoid making any provision within the policy inoperative.'" *Terry Black's Barbecue*, 22 F.4th at 455, *quoting State Farm Lloyds v. Page*, 315 S.W.3d 525, 527 (Tex. 2010). Under Texas law, cancellation is an affirmative defense which must be proved by the insurer at trial. *Republic W. Ins. Co. v. Rockmore*, 2005 WL 57284, at *6 (N.D. Tex. Jan. 10, 2005), *citing Shaller v. Commercial Standard Insurance Co.*, 309 S.W.2d 59, 66 (Tex. 1958); *Anchor Casualty Co. v. Crisp*, 346 S.W.2d 364, 367 (Tex.Civ.App.-Amarillo 1961). Therefore, in order to obtain summary judgment, Progressive must conclusively establish that it complied with the requirements for sending a

---

[5] The Policy provides: "Any disputes as to the coverages provided or the provisions of this policy shall be governed by the law of the state listed on your application as your business location." [Doc. 43-2, p. 61]. In this case, the address listed on the application for insurance is in Weimar, Texas. Plaintiff does not dispute that Texas law applies to the issue of cancellation of the Policy.

cancellation notice and that its stated reason for cancellation was proper. *Rockmore*, 2005 WL 57284, at *6.

Tex. Ins. Code § 551.103 requires that "[n]ot later than the 10th day before the date on which the cancellation of a liability insurance or commercial property insurance policy takes effect, an insurer must deliver or mail written notice of the cancellation to the first-named insured under the policy at the address shown on the policy." Tex. Ins. Code Ann. § 551.103 (West). Tex. Ins. Code § 551.104(b) states that an insurer may cancel any policy if: "(1) the named insured does not pay any portion of the premium when due; (2) the insured submits a fraudulent claim; or (3) the department determines that continuation of the policy would result in a violation of this code or any other law governing the business of insurance in this state." Tex. Ins. Code Ann. § 551.104(b) (West).

### B.     Cancellation of the Policy

As an initial matter, the Court notes that the defendants are alleged to be solidarily liable for Plaintiff's damages, and Kyan Trucking has not asserted a cross claim against Progressive for defense and indemnity. Nevertheless, Progressive argues in the instant Motion that it has no duty to defend or indemnify Kyan Trucking or Sosa. Progressive also argues that it has no obligation to pay for the Plaintiff's damages, except to the extent Plaintiff proves the MCS-90 Endorsement attached to the Policy was in effect and triggered by the accident.

In its Motion, Progressive argues and provides evidence that it cancelled the Policy, effective July 13, 2022, the day before the subject accident occurred on July

14, 2022.  Progressive contends that it complied with the requirements of the Policy and Texas law to cancel the Policy by sending a "Notice of Cancellation, Nonrenewal or Declination of Insurance" ("Notice of Cancellation") to the first named insured, Kyan Trucking, at its last known address – the Holly Forest Drive address – more than one month before the effective cancellation date.

In support of its argument, Progressive submits the unsworn affidavit of David J. Hale, a Business Systems Consultant at Progressive with knowledge of the records regularly kept in the course of Progressive's business.  Mr. Hale attaches to his affidavit a copy of the "Notice of Cancellation, Nonrenewal or Declination of Insurance" which states that Kyan Trucking's Policy "will cease" on July 13, 2022, at 12:01 a.m.  Mr. Hale confirms in another Unsworn Declaration, filed with Progressive's Reply brief, that on November 8, 2021, Progressive received notice of a new address for Kyan Trucking, which prompted Progressive to issue a new Declarations Page acknowledging the change of address.  [Doc. 46-1, pp. 1-2, ¶ D(3); 46-1, p. 12].  Mr. Hale also attaches a copy of a Certificate of Mailing from the United States Postal Service, which is postmarked June 9, 2022, and which evidences the mailing of the Notice of Cancellation to Kyan Trucking at the Holly Forest Drive address.  [Doc. 43-2, p. 100].

Mr. Hale also attaches a Texas Department of Motor Vehicles ("DMV") form, which indicates the Texas DMV received notice of the cancellation of the Form F Endorsement on June 10, 2022, with an effective cancellation date of July 15, 2022.  [Doc. 43-3, p. 101].  Kyan Trucking's address on that notice is listed as the Weimar

address. Finally, Mr. Hale attaches a "Federal Motor Carrier Safety Administration Acceptance Report" ("FMCSA"), which shows that Progressive cancelled the MCS-90 Endorsement to the Policy, effective July 15, 2022, which was transmitted to, and accepted by, the FMCSA on June 10, 2022. Therefore, Progressive argues that the Policy was not in effect at the time of the subject accident, and it therefore has no liability for any damages caused by the subject accident.

In response, Plaintiff argues that summary judgment cannot be granted because there are questions of fact with respect to two main issues. First, Plaintiff argues that Progressive has offered no evidence that the Holly Forest Drive address was the last known address for Kyan Trucking, contending that the Weimar address was used on Kyan Trucking's insurance application and is the address listed in the cancellation confirmations from both the Texas DMV and the FMCSA. Plaintiff argues that these "multiple addresses" for Kyan Trucking create an issue of fact as to whether Progressive strictly complied with the Policy's cancellation requirements. Second, Plaintiff argues that the cancellation confirmation documentation from both the Texas DMV and the FMCSA reflect an effective date of cancellation of the Policy as July 15, 2022, while the Notice of Cancellation that Progressive provided to Kyan Trucking shows that cancellation was effective on July 13, 2022. Plaintiff argues that these conflicting dates create a question of fact as to the effective date of the cancellation of the Policy.

Plaintiff's arguments are without merit. With respect to the last known address for Kyan Trucking, Progressive provides evidence that Kyan Trucking's

Policy Declarations Page was changed on November 8, 2021 (effective November 7, 2021) to reflect a new mailing address for Kyan Trucking at the Holly Forest Drive address. [Doc. 46-1, pp. 1-2, ¶ D(3); 46-1, p. 12]. Plaintiff has not controverted this fact, and therefore, there is no question of fact as to the proper mailing address for Kyan Trucking. Furthermore, the Court does not credit Plaintiff's argument that the "July 15, 2022" termination date in the Form F Endorsement and the FMCSA's acceptance of cancellation creates a genuine dispute of fact. Confirmations to third parties (Texas DMV and FMCSA) that Policy endorsements were cancelled – and the effective dates of those cancellations – are immaterial to whether the Policy itself was properly cancelled between Progressive and its insured, Kyan Trucking.

Considering the foregoing, the Court finds that Progressive complied with all of the requirements of cancellation under the Policy and Texas law, and that Kyan Trucking was therefore not covered under the Progressive Policy on July 14, 2022. Because the Progressive policy was not in effect at the time of the accident, Kyan Trucking is not an insured under the Progressive for the claims asserted.

## CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that the MOTION FOR SUMMARY JUDGMENT [Doc. 43] filed by Progressive County Mutual Insurance Company is GRANTED. Specifically, the Court finds that Kyan Trucking is not an insured under the Progressive insurance policy in connection with the subject accident, and that

Progressive therefore has no duty to defend Kyan Trucking or defendant Yannier Casas Sosa.

THUS, DONE AND SIGNED in Chambers on this 30th day of May 2024.

DAVID C. JOSEPH
UNITED STATES DISTRICT JUDGE